NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLIE J. JACKSON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2339

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-3623, Chief Judge Margaret C. Bartley, Judge Joseph L. Toth, Judge William S. Greenberg.

---

Decided:  April 10, 2025

---

CHARLIE J. JACKSON, Paris, TX, pro se.

RAFAEL SHAPIRO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before DYK, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

Charlie J. Jackson appeals pro se from a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. We lack jurisdiction and accordingly *dismiss*.

I

Mr. Jackson served in the U.S. Marine Corps from April 1972 to April 1975, and from May 1975 to December 1977. In 2005, Mr. Jackson was granted service connection for bilateral hearing loss and was assigned a 10 percent disability rating by a regional office of the Department of Veterans Affairs ("VA"). *See Jackson v. Wilkie*, No. 20-1017, 2020 WL 7413867, at *1 (Vet. App. Dec. 18, 2020). He appealed that decision to the Board of Veterans' Appeals ("Board"), seeking an increased disability rating. The Board denied his claim. He appealed to the Veterans Court, which remanded the case for further development. *See id.* at *4.

Since the Veterans Court's initial remand, Mr. Jackson's hearing-loss claim has shuttled back and forth between the regional office and the Board. The upshot of this years-long process is that, on December 14, 2021, an examination by the VA demonstrated that Mr. Jackson suffered 100 percent bilateral hearing loss, and his service-connected bilateral hearing loss was increased to 100 percent in August 2022. In 2023, the regional office determined that Mr. Jackson was entitled under VA regulations to special monthly compensation ("SMC") for his bilateral hearing loss with an effective date of December 14, 2021. Mr. Jackson is currently pursuing an earlier effective date for his SMC in proceedings before the regional office.

In June 2023, Mr. Jackson filed a petition for a writ of mandamus with the Veterans Court. The court construed

the petition as a "request that the [c]ourt compel VA to award an earlier effective date for the award of SMC" for his hearing loss. S. App'x 3.[1] The court held that Mr. Jackson had not proven his entitlement to a writ of mandamus because he failed to show "that he lack[ed] adequate means to obtain the desired relief through the ordinary appeals process." *Id.*[2]

Mr. Jackson appeals.

## II

Our jurisdiction over the Veterans Court's rulings is prescribed by statute. We may review "the validity of a decision of the [Veterans] Court on a rule of law or any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making the decision." 38 U.S.C. § 7292(a). Except for constitutional issues, we are precluded from reviewing "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). In the context of an appeal from the Veterans Court's denial of a writ of mandamus, we have jurisdiction to review "non-frivolous legal question[s]" raised by the appeal. *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

On appeal, Mr. Jackson appears to argue that the court "overlooked . . . non-constitutional questions," such as

---

[1]    Citations to "S. App'x" are to the supplemental appendix filed by the government.

[2]    We note that the Veterans Court also found that Mr. Jackson had articulated an alternative theory that "the award of SMC was a full grant of benefits [that] negatively affect[ed] any pending appeal related to the schedular evaluation for his hearing loss or relevant effective dates." S. App'x 3. This theory, whatever its scope, is not pressed on appeal.

whether "administrative avenues for review are constitutionally adequate." Appellant's Informal Br. 2. He contends that the Veterans Court failed to decide whether it had changed its "interpretation of 'settlement agreement law.'" *Id.* In reply, Mr. Jackson expands on this latter theory, referring to a "Rule 33 conference" between the "[Department of] Justice and [his] lawyers." Appellant's Informal Reply Br. 2. Finally, he appears to raise a due process challenge on the ground that he is entitled to "adequate notice of the judicial disposition of [his] claim and adequate opportunity to challenge an adverse ruling." *Id.* at 5.

Although we are sympathetic to Mr. Jackson's frustrations with the extended duration of proceedings to resolve his claims, we must dismiss his appeal for lack of jurisdiction. Mr. Jackson does not challenge the Veterans Court's interpretation of any rule of law, statute, or regulation. He does not allege that the Veterans Court applied the incorrect legal standard, nor has he developed a "non-frivolous legal question" for us to review. *Beasley*, 709 F.3d at 1158.

To the extent that Mr. Jackson asserts we possess jurisdiction because the Veterans Court altered its interpretation of "settlement agreement law," Appellant's Informal Br. 2, he fails to provide any facts sufficient for us to assess such a claim. Indeed, the government disclaims knowledge of any such settlement conference, Appellee's Informal Br. 17, and the record before us is devoid of any discussion of a settlement agreement.

For similar reasons, we lack jurisdiction over the due process challenge raised in Mr. Jackson's appeal. An appellant must do more than merely characterize an issue as constitutional to properly invoke this court's jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (emphasizing that this court lacks jurisdiction over claims that are "constitutional in name only").

We have considered Mr. Jackson's remaining arguments and do not find them persuasive.

## DISMISSED

### Costs

No costs.